IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | CRIMINAL ACTION |
| JAMI LAFAYE ANDERSON : | |
| : | NO.  09-cr-435-03 |
| : | |

# ORDER

**AND NOW,** this      day of April 2016, upon consideration of the Defendant's *Pro Se* Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, and the government's response to that motion, it is hereby **ORDERED** that the motion is **DENIED.**[1]

It is so **ORDERED.**

BY THE COURT:

/s/Cynthia M. Rufe, J.

_____
**CYNTHIA M. RUFE, J.**

---

[1] Amendment 782 to the Federal Sentencing Guidelines reduces by two levels the base offense levels in the Drug Quantity Table in § 2D1.1.  18 U.S.C. § 3582(c)(2) provides that where a defendant has been sentenced to imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission, the sentencing court may reduce the sentence subject to applicable policy statements issued by the Commission. In determining a defendant's eligibility for a reduction, the Court follows the approach directed by the Supreme Court: First, the Court must determine what the applicable guidelines range would have been if the relevant amendment had been in effect when the defendant was originally sentenced.  The Court may only substitute the amendment for the corresponding guidelines provisions that were applied when the defendant was sentenced, and must leave all other guideline applications decisions alone.  If the Court determines that the defendant is ineligible for a reduction at step one, the Court does not proceed.  *Dillon v. United States*, 560 U.S. 817, 821 (2010).

Defendant was sentenced on August 2, 2012, following a plea of guilty to one count of conspiracy to distribute 50 grams or more of crack cocaine and one count of distribution of crack cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). Both counts of conviction carried a statutory mandatory minimum penalty of 120 months of imprisonment. At sentencing, the Court granted a downward variance from the applicable guidelines range of 262-327 months and sentenced Defendant to 120 months of imprisonment as required by the mandatory minimum penalty. Although Amendment 782 lowers Defendant's adjusted offense level and guideline range, the Court's downward variance resulted in a sentence that fell far below this range and was set instead by the statutory mandatory minimum penalty.  Amendment 782 does not affect the mandatory minimum sentence required by statute, and therefore Defendant is ineligible for a reduction in her sentence.